UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARK F. GUTIERREZ,<br><br>                  Plaintiff,<br>     v.<br>ANDREW SAUL, Acting Commissioner of Social Security,[1]<br><br>                  Defendant. | Case No. 2:17-cv-02365-MMD-EJY<br><br>ORDER |

**I.    SUMMARY**

This case concerns Plaintiff Mark F. Gutierrez's application for disability benefits. Chiefly before the Court is the Report and Recommendation of United States Magistrate Judge Elayna J. Youchah ("R&R" or "Recommendation") regarding Gutierrez's motion for remand/reversal ("Motion") (ECF No. 12) and Defendant Acting Commissioner's cross-motion to affirm and opposition to the Motion ("Cross-Motion") (ECF No. 15). (ECF No. 26.) The Commissioner has filed an objection ("Objection") (ECF No. 29) to which Gutierrez has responded (ECF No. 31). Having reviewed the administrative record[2] filed by the Commissioner (ECF No. 11-1 (sealed)) and considered the parties' positions in their briefing, the Court accepts the R&R in part—as to its substantive findings—and rejects it in part—as to its recommended relief.[3]

---

[1]Former Commissioner Nancy A. Berryhill was the original Defendant in this action. Andrew Saul has been automatically substituted pursuant to Fed. R. Civ. P. 25(d) because he is now the Commissioner of the Social Security Administration.

[2]For ease of reference, the Court hereinafter cites to the administrative record as AR.

[3]The Commissioner has also filed a motion to strike a notice from Gutierrez's treating physician, Dr. Akindele Kolade (ECF Nos. 28, 28-1), which the Court will grant

## II. RELEVANT BACKGROUND

Gutierrez completed an application for disability insurance benefits and Supplemental Security Income under Titles II of the XVI of the Social Security Act ("Act"). (AR 13.) The application was denied. (AR 124–29.) Gutierrez requested reconsideration of the denial (AR 128–34), but the application was again denied upon reconsideration. (AR 130–36.)

Gutierrez sought and was afforded a hearing wherein he appeared and testified before an administrative law judge ("ALJ"). (AR 137–38, 31–59.) The ALJ issued a decision, dated June 3, 2016, finding Gutierrez is not disabled under the applicable provisions. (AR 13–24.) Gutierrez then requested review of the ALJ's decision before the Appeals Council ("AC"). (AR 1, 180.) The AC denied the request. (AR 1–6.) With this final Commissioner decision, Gutierrez commenced the instant action for judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (ECF Nos. 1, 4.)

## III. LEGAL STANDARD

### A. Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Nonetheless, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory

---

under Fed. R. Civ. P. 12(f). The Court will not consider Kolade's note at this stage because it was submitted after the R&R was filed and therefore not considered by Judge Youchah in reaching her recommendations. The document is also irrelevant in light of the Court's conclusions *infra*.

2

Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

### B. Standard for Reviewing Social Security Cases

Congress has limited the scope of judicial review of the Commissioner's decisions to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522–23 (9th Cir. 2014) (internal quotation marks and citations omitted). The court must consider the entire record as a whole to determine whether substantial evidence exists, and it must consider evidence that both supports and undermines the ALJ's decision. *Id.* at 523 (citation omitted). "If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). In weighing the evidence and making findings, the Commissioner must also apply the proper legal standards. *Id.* (citations omitted). Courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

## IV. DISCUSSION

In the Objection, the Commissioner specifically challenges Judge Youchah's relief recommendation and does not especially attack Judge Youchah's substantive findings. (ECF No. 29.) As to the latter, the Commissioner simply maintains his underlying position that the ALJ's decision is supported by substantial evidence. (*Id.* at 2.) The Commissioner otherwise states that if the Court agrees with Judge Youchah's finding that Gutierrez is disabled in accordance with the applicable mental impairment listing, then there is no need for remand and the Court should award benefits. (*Id.* at 2–3.) In responding to the Objection, Gutierrez agrees with the Commissioner on the remand issue. (ECF No. 31 at 2–3.) Specifically, both parties agree that Judge Youchah's recommendation that this case

3

be remanded for further consideration under the Compassionate Allowances program is inappropriate here[4] and unnecessary based on Judge Youchah's finding that Gutierrez is disabled. Because the Court agrees with the parties and otherwise finds no clear error in Judge Youchah's findings, the Court will accept the R&R in its substantive findings and reject it has to the recommended relief.

As indicated above, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the R&R's substantive findings in the absence of relevant objections. The Court is so satisfied.

The Court agrees with Judge Youchah's finding that the ALJ improperly failed to consider substantial evidence that supports a conclusion that Gutierrez is disabled within the meaning of the Act. First, Judge Youchah concluded that the ALJ committed reversible error in failing to consider the opinion of Gutierrez's treating physician—Dr. Akindele Kolade—in its entirety and overall giving "light weight" to the physician's opinion. (ECF No. 26 at 29, 33.) Notably, Judge Youchah concluded that it was improper for the ALJ to reject the physician's opinion based on internal discrepancies in the physician's completed Medical Impairment Questionnaire where the physician's finding of debilitating limitations was otherwise consistent with the evidence in the record as a whole. (*See generally id.* at 28–33; *see also e.g.*, AR 364–83, 387–88, 393, 412, 508–09, 515–16, 534, 536, 538, 542, 544, 546, 548, 549, 551, 553, 555, 558, 560, 562, 564–65, 567–68, 572 (providing Dr. Kolade's notes, findings, opinion and questionnaire and the notes of other attending/emergency room physicians).) Second, Judge Youchah determined that the ALJ's assessment of Gutierrez's credibility was not supported by clear and convincing reasons, considering each basis underlying the ALJ's credibility determination. (ECF No. 26 at 33–45; *see also e.g.*, AR 40–53, 382 (providing some of Gutierrez's testimony).) Third, by extension of the ALJ improperly rejecting Gutierrez's testimony, Judge Youchah

---

[4]*See* Compassionate Allowances, https://www.ssa.gov/compassionateallowances/ (last visited Mar. 16, 2020) (providing that the program is reserved "for individuals with the most serious disabilities," and examples include "certain cancers, adult brain disorders, and a number of rare disorders that affect children").

4

found that the ALJ baselessly failed to consider Gutierrez's lay witness testimony—that of his mother, Judy Gutierrez. (ECF No. 26 at 45–46; *see* AR 288–95 (Judy's Third Party Function Report describing Gutierrez's limitations).)

The caselaw Judge Youchah relied on supports her conclusions that Dr. Kolade's opinion should not have been given "little weight" as a whole, that Gutierrez's credibility was not properly assessed, and that the lay witness's statements should have been considered.[5] To be sure, in not particularly addressing Judge Youchah's substantive findings, the Commissioner's Objection provides no authority or argument to support contrary conclusions. Accordingly, the Court is satisfied that there is no clear error on the face of the record before it.

Most importantly, considering the above substantial evidence which the ALJ failed to give proper credence, Judge Youchah concluded that Gutierrez's mental impairments satisfy the requirements of the then applicable Listing of Impairments 12.04 (20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 12.00, 12.04)[6] and therefore the ALJ should have found Gutierrez disabled under the Act. (ECF No. 26 at 19–27, 51.) In the Objection, the

---

[5](*See generally* ECF No. 26 at 28–33 (citing cases such as: *Garrison v. Covlin*, 759 F.3d 995, 1012 (9th Cir. 2014*); Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631, 633 (9th Cir. 2007); *Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001); *Tackett v. Apfel*, 180 F.3d 1094, 1102–03 (9th Cir. 1999); *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989) (relevant to assessing weight to a treating physician's opinion)); *id.* at 33–45 (citing authority such as: SSR 16-3p (eff. Mar. 16, 2016), 2016 WL 1119029, at *7; 20 C.F.R. §§ 404.1529(c), 416.929 (c).2; *Garrison*, 759 F.3d at 1014–15; *Molina*, 674 F.3d at 1113; *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161–62 (9th Cir. 2008); *Lingenfelter*, 504 F.3d at 1036; *Orn*, 495 F.3d at 638; *Thomas v. Barnhart*, 278 F.3d 948, 958 (9th Cir. 2002); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001), (relevant to assessing a claimant's credibility)); *id.* at 45–46 (relying on cases such as: *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006); *Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir. 1993); *Molina*, 674 F.3d at 1114 (relevant to considering lay witness testimony)).)

[6]The R&R properly reflects changes to the relevant sections of the listing that went into effect on January 17, 2017. Here, the ALJ relied on the old version of the mental health listings because Gutierrez's claim was filed in 2014 while, as Judge Youchah notes, the Commissioner's Cross-Motion is based largely on the revised listings. (ECF No. 26 at 24; *see* ECF No. 15 at 4–8; *see also* ECF No. 17 at 3 (highlighting the Commissioner's improper reliance).)

Commissioner agrees that if a claimant meets a listing, the claimant is disabled (ECF No. 29 at 3). Such is the law. *See* 20 C.F.R. § 404.1520(d) ("When your impairment(s) meets or equals a listed impairment in appendix 1. If you have and impairment(s) which meets the duration requirement and is listed in appendix 1 or is equal to a listed impairments(s), [the Commissioner] will find you disabled without considering your age, education, and work experience."); *see also Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) ("Listed impairments set . . . strict standards because they automatically end the five-step [sequential evaluation process for determining whether a claimant is disabled withing the meaning of the Act], before functional capacity is even considered.").

Accordingly, while Judge Youchah recommends that this case be remanded for further proceedings under the Compassionate Allowances program, the Court concludes that remand is not needed here. Judge Youchah's remand recommendation is grounded on her conclusion that further administrative proceedings would be useful in light of the internal discrepancies in Dr. Kolade's Medical Impairment Questionnaire, applying the three-part credit-as-true standard in *Garrison v. Covlin*, *See* 759 F.3d 995, 1020 (9th Cir. 2014). But Judge Youchah appears to concede, and the Court finds, that the issue pertaining to the discrepancies would not alter the finding of disability. (*See* ECF No. 26 at 50 ("Here, there is no serious doubt that Plaintiff is disabled under the [Act].").) This is to say, the Court finds that the conclusion of disability makes further administrative proceedings materially useless. The Court otherwise agrees with Gutierrez that the other two *Garrison* prongs are met here. (*See* ECF No. 31 at 3–4 (Gutierrez's response to the Commissioner's Objection arguing the other two prongs).)

To be clear, the Court agrees that the evidence[7] supports the noted finding of disability. Therefore, there is no need to remand this case. *See, e.g.*, *Harman v. Apfel*, 211

---

[7](*E.g.*, ARs 374–75, 376–77, 412, 481, 483, 509, 548, 515, 522, 536, 538, 548, 551, 567-68, 572 (supporting that Gutierrez suffers from depressive syndrome and bipolar syndrome thereby satisfying Paragraph A of Listing 12.04—specifically Paragraphs A.1 and A.3; ARs 49, 290–93, 382–83, 510, 513 (supporting a finding of two consequences of bipolar disorder—marked restriction of activities of daily living and marked difficulties in

1  F.3d 1172, 1176, 1178 (9th Cir. 2000) (explaining that a court may exercise discretion to
2  direct an immediate award of benefits or remand for further administrative proceedings
3  where enhancement of the record would be useful). The Court will therefore reject the
4  R&R's recommendation to remand this case for further administrative proceedings. The
5  Court will instead remand for an immediate payment of benefits. *See id.* at 1178.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Elayna J. Youchah (ECF No. 26) is adopted in part and rejected in part. The Court adopts the R&R's substantive findings but rejects its recommendation that this case be remanded for further proceedings under the Compassionate Allowances program and its ancillary recommendations in this regard (*see* ECF No. 26 at 52).

It is further ordered that Gutierrez's motion for remand/reversal (ECF No. 12) is granted.

It is further ordered that the Commissioner's cross-motion to affirm (ECF No. 15) is denied.

It is further ordered that the case be remanded for payment of benefits to Gutierrez because the Court adopts Judge Youchah's finding of disability.

///

///

///

---

maintaining social functioning—thereby satisfying Paragraph B of Listing 12.04).) As Judge Youchah explains, "Listing 12.04 has 'three paragraphs, designated A, B, and C; [the claimant's] mental disorder must satisfy the requirements of both paragraphs A and B, or the requirements of both paragraphs A and C" (ECF No. 26 at 20 (quoting 20 C.F.R. § Pt. 404. Subpt. P, App. 1, 12.00)). *See also Lester v. Charter*, 81 F.3d 821, 828–29 (9th Cir. 1995) (explaining what is needed to meet the Listings' requirement).

It is further ordered that the Commissioner's motion to strike (ECF No. 30) is granted.

The Clerk is directed to enter judgment in accordance with this order and close this case.

DATED THIS 17th day of March 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE